[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Brian K. Everett, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of burglary. Everett entered a guilty plea to the charge and was sentenced to seven years' incarceration.
Everett asserts two assignments of error in support of this timely appeal. In his first assignment of error he argues that the trial court erred by accepting his guilty plea because it was not tendered knowingly, intelligently, and voluntarily. Specifically, Everett maintains that his trial counsel represented to him that the lower court would sentence him to a two-year term of imprisonment.
The assignment fails because the record does not demonstrate the alleged representation by counsel. Instead, the record reflects that during his Crim.R. 11 colloquy with the trial court, Everett conceded that no promises had been made to him in return for his plea. The document that Everett has submitted to this court in support of his assertion that he was promised a lesser sentence was not in the record below and therefore cannot be considered on appeal.[1] The first assignment of error is overruled.
In his second assignment of error, Everett asserts that the lower court erred by imposing a sentence greater than the minimum. This assignment is without merit. As the record demonstrates, and as Everett concedes, the lower court complied with the applicable sentencing statutes in imposing the seven-year sentence.[2]
However, Everett again relies on a document not in the record to support his assertion that certain mitigating factors necessitated a lesser sentence. As we are foreclosed from considering that document, we must conclude that the sentence was proper. Accordingly, the second assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
GORMAN and WINKLER, JJ.
HILDEBRANDT, Presiding Judge.
[1] App.R. 9.
[2] See State v. Edmonson (1999), 86 Ohio St.3d 324,715 N.E.2d 131.